IN THE UNITED STATES DISTRICT COURT

~~Northern~~ Southern Div.

FOR THE ~~MIDDLE~~ DISTRICT OF ALABAMA

FILED
2016 MAY 11  A 8:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

TAMMY MONTGOMERY,

    Plaintiff,

Vs.

Jefferson S Dunn (Director)
Alabama Department of Corrections
Dewayne D. Estes, Warden III,
Charles Hedrick, Investigator,
Jacob Hamilton, Correctional Officer,
John Doe, Administrator,

    Defendant(s).

Civil Action No.

CV-16-JHE-0770-S

_____ /   CIVIL RIGHTS COMPLAINT WITH JURY TRIAL DEMAND

*Preliminary Statement*

This is a civil rights action filed by Tammy Montgomery, a State Employee, for damages and injunctive relief pursuant to Title VII of the Civil Rights Act of 1964, and applicable laws and provisions, alleging discrimination, harassment, retaliation, making false reports, amongst other criminal and civil acts and/or offenses, all in violation of Due Process, The Fifth and Eighth Amendments to the United States Constitution, and applicable provisions. The Plaintiff alleges the Torts of slander, libel and negligence.

*Jurisdiction*

1. The Court has jurisdiction over Plaintiff's claims of violation of federal constitutional rights under Title VII of the Civil Rights Act of 1964 and other applicable State and federal statutes.

2. The Court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 USC Section 1367.

1

3. The Plaintiff, Tammy Montgomery, is an employee of the Alabama Department of Corrections at St. Clair Correctional Facility. She holds the title of Administrative Assistant II.

4. The Defendant, Jefferson S Dunn, is the Commissioner for the Alabama Department of Corrections. He is responsible for the training and supervision of all employees

5. The Defendant, Dewayne Estes, is the Warden III, employed at St. Clair Correctional Facility and is responsible for reviewing all administrative appeals and claims. He is sued in his official and individual capacities

6. The Defendant Charles Hedrick is an administrator and investigator at St. Clair Correctional Facility and is generally responsible for ensuring accuracy of reports of incidents. He is sued in his individual capacity.

7. The Defendant Jacob Hamilton is a correctional officer employed at St. Clair Correctional Facility. He is sued in his individual and official capacities.

8. John Doe is an Administrator at St. Clair Correctional Facility whose name is presently unknown to Plaintiff. He is sued in his individual capacity.

9. All Defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

*Facts*

10. On September 30, 2015 Defendant Dewayne D. Estes received the results of an investigation, requested by Plaintiff as a result of me advising the Defendant Karen Carter, Warden, that an employee had been raped in her office by another employee. The results concluded that no rape had occurred.

11. On June 22, 2015, Plaintiff had been interviewed by Defendant Charles Hedrick, Investigator, wherein Defendant Hedrick did make false reports and report same to his superior. The Conclusion was that Plaintiff had given false statements.

2

12. On January 19, 2016. I received a reprimand, written by Defendant Estes. Plaintiff was subsequently suspended from facility and reassigned.

13. On July 1, 2015, Defendant Hedrick showed up to the home of Plaintiff, soliciting an unauthorized polygraph. Plaintiff agreed to take the polygraph for fear of reprisal. The results demonstrated that Plaintiff had been truthful in her statements. At no time did Plaintiff make admission of giving false statements to any party relevant to this claim.

14. Plaintiff pursued a complaint with EEOC, wherein Defendant John Doe Administrator and others did make additional false reports and report same to a superior.

15. Plaintiff makes claim and states belief that the alleged perpetrator of the rape, Defendant Jacob Hamilton, has committed additional criminal acts and has been found in violation by administrators at St. Clair Correctional Facility.

16. Plaintiff makes claim and states belief that staff, although not making formal apology, has attempted to remove derogatory information from Plaintiff's record. Plaintiff has not received the appropriate injunctive relief and has suffered undue discrimination.

*Denial of Due Process*

17. The Plaintiff was subjected to Harassment, Discrimination, retaliation and making of false reports where Defendants Hedrick, Estes, and others failed to properly investigate, violated department of correctional policy, made false reports and reported same to their superiors, and subjected Plaintiff to undue and improper punishment for reporting a claim of sexual harassment in the work place. The Defendants failed to properly investigate and openly discussed the improper findings with others in the work place, all in violation of the 5th and 14th Amendments to the United States Constitution.

3

*Cruel and Unusual Punishment*

18. The Plaintiff was subjected to suspension, retaliation, harassment, and defamation by Defendants Estes, Hedrick, Hamilton and others where she reported a criminal act in good faith, Defendants failed to properly investigate, Plaintiff was subjected to reprimand, suspension, and harassment in several forms, i.e., leaking information to other employees and abrogation of department of correction policy in pursuing investigation and/or personal pursuits of a vindictive nature, all in violation of the 8th and 14th Amendments to the United States Constitution.

*Claims for Relief*

19. The actions of Defendants Estes, Hamilton, Hedrick, John Doe, and others in harassing, retaliation, making false claims and reporting them to superiors, defamation, reprimand and suspension, or in failing to intervene to prevent such actions, were done with malicious and sadistic intent, and constituted cruel and unusual punishment in violation of the 8th and 14th Amendments to the United States Constitution.

20. The actions of Defendants Estes, Hamilton, Hedrick, John Doe and others unknown to Plaintiff at this time, in refusing to overturn disciplinary acts, punish discriminatory behavior, and other acts, despite knowledge of the above described Due Process violations, constituted deliberate indifference and further denied Plaintiff Due Process of law in violation of the Fifth and 14th Amendments to the United States Constitution.

21. The Defendants all combined, conspired, confederated, and had a tacit understanding to harass, intimidate, retaliate, and deprive Plaintiff of guaranteed rights and privileges, all in violation federal and state laws, statutes and authority.

*Relief Requested*

WHEREFORE, Plaintiff requests that the court grant the following relief.

A. Issue a declatory judgment stating that:
   1. The harassment, retaliation, making false reports, and other violations violated Plaintiff's rights under the Fifth, 8th and 14th Amendments to the United States Constitution

B. Issue an injunction, ordering Defendants or their agents to
   1. Immediately restore all rights, privileges and position to Plaintiff.

C. Award Compensatory damages in the following amounts:
   1. $2,000,000.00 jointly and severally against defendants Dunn, Estes, Hedrick, Hamilton, John Doe for physical and emotional injuries sustained as a result of harassment, defamation, making false reports, and other violations.
   2. $1,000,000.00 jointly and severally against defendants Estes and Hedrick for punishment and emotional injury resulting from denial of due process and making false reports.

D. Award punitive damages in the following amounts:
   1. $100,000.00 each against Defendants Estes, Hamilton, Hedrick, John Doe.

E. Grant such other relief as it may appear that Plaintiff is entitled.

Dated: 5/11/16

Respectfully Submitted,

*[signature]*
Tammy Montgomery
75 Mason Dr
Odenville, AL 35120
205-587-7406

Sgt. Hamilton is no longer employed with ADOC due to several sexually assault allegations on female employees at St. Clair Correctional; he was arrested and now awaiting trial.

This is the email I received from Warden III, Dewayne Estes St. Clair Correctional after I came forward with information on an alleged rape. I was barred away from the facility for no reason; after my cell was taken by one of ADOC investigator and kept over 24 hours I was allowed to return back to work. I still to this day don't know why I was mistreated so badly.

*[signature]*

**From:** Estes, Dewayne (DOC) <Dewayne.Estes@doc.alabama.gov>;
**To:** tammy montgomery <allonsia1@yahoo.com>;
**Subject:** Re: When do I return to work
**Sent:** Wed, Jul 1, 2015 11:52:34 PM

As far as I am concerned you nay come back tomorrow.
I have been told nothing.
*Connected by Motorola XT626*

-----Original message-----
> **From:** tammy montgomery <allonsia1@yahoo.com>
> **To:** "Estes, Dewayne (DOC)"



Ms. Montgomery,

I did not receive a briefing from Investigator Hedrick until late Thursday. I did not get a chance to meet with you before you left. After speaking to Investigator Hedrick I am approving for you to resume your duties as the Incident report and Disciplinary clerk.
You may return to your office as before without any restrictions.

Respectfully,
DeWayne Estes

**From:** Estes, Dewayne (DOC) <Dewayne.Estes@doc.alabama.gov>;
**To:** tammy montgomery <allonsia1@yahoo.com>;
**Subject:** Re: When do I return to work
**Sent:** Wed, Jul 1, 2015 11:52:34 PM

As far as I am concerned you nay come back tomorrow.
I have been told nothing.
*Connected by Motorola XT626*

-----Original message-----
**From:** tammy montgomery <allonsia1@yahoo.com>
**To:** "Estes, Dewayne (DOC)"

Ms. Montgomery,

I did not receive a briefing from Investigator Hedrick until late Thursday. I did not get a chance to meet with you before you left. After speaking to Investigator Hedrick I am approving for you to resume your duties as the Incident report and Disciplinary clerk.
You may return to your office as before without any restrictions.

Respectfully,
DeWayne Estes

Attached is the complaint I filed after my cellphone was taken and ADOC investigator came to my home without a search warrant or anything to support the reason for his visit.

*Jamy Maksy* (signature)

4:47 pm
7/6/15

# HARASSMENT AND DISCRIMINATION
## Complaint Form

Name  Amy J Montgomery                             Date  7/6/15

Institution/Division  AL Dept of Corrections    Job Classification  Administrator II

Supervisor's Name  Warden H Evans    Section/Shift  1st

Nature of complaint  (See the attached document.)

Remedy Sought  Open

_Signature of Complainant_

| Date Filed | Date Completed |
|---|---|
| Step 1: | Step 1: |
| Step 2: | Step 2: |
| Step 3: | Step 3: |

Decision at Step: _____

Signature of Responder    Date    Title

ADOC Form 206
Revision Date: January 2004

On June 28, 2015 at approximately 10:00am; I Tammy Montgomery signed a memorandum from Warden II Eric Evans stating that I was scheduled to report to I & I Investigation at 8:30am July 1, 2015. I was fully under the impression I was to report to I & I to discuss an incident about an alleged rape incident I had come forward with. After meeting with I & I investigator Mr. Charles Hedrick stated a criminal investigation had been open on me and I wasn't being charge with anything at this time. Mr. Hedrick never explained the reason for the investigation neither to why it was open. Mr.Hedrick investigation was referring to my personal life how many cars I own, how much money I receive in child support, do the money come though the court or how is it the child support paid, how did I get so many cars, do I get any family assistance, have I ever used any other name beside Tammy T Montgomery, do I own or ever had a green dot card, do I have any dealing with inmates, questions that didn't pertain to my job as a ASAII at ADOC. Mr. Hedrick asked for my daughter phone number, I replied to Mr. Hedrick I don't remember it right off but the number is in my cell phone. Mr. Hedrick ordered me to go and get my cell phone out the car so I could provide him with my daughter phone number. After giving Mr. Hedrick my daughter cell number I placed my white iPhone 4 on Mr. Hedrick desk. Mr. Hedrick at that time confiscated my cell phone without my consent. I ask Mr. Hedrick what are you doing why are you taking my cell phone? I need my cell phone anything could happen to me alone the way I need my cell phone, his response was use your daughter phone and do not port your number over or go into your iCloud account. I stated to Mr. Hedrick again I need my phone he replied I will be getting a warrant bullying me and taking advantage of my rights knowing I wasn't aware of the proper procedures, he then stated it will be about two months or longer before you can receive your phone back . Mr. Hedrick never ask not one time was any inappropriate photos of me that need to be deleted at that time. My cell phone at that time had nude pictures of my entire body. Later on that day Mr. Hedrick showed up at my house without an invite stating he need to ask me a question. On July 1, 2015 after returning back to work Warden Karen Carter phone my ext. 223 to inform me Warden III Dewayne Estes, wanted me to report to his office. I immediately proceed downstairs as instructed by Warden I Karen Carter. Warden Estes, stated to me after he had talked with I & I (Mr. Hedrick) I need to leave the Facility until he hear back from Montgomery I respond back yes sir without asking any questions. Warden Estes advised me to leave the Facility but didn't explain to me what kind of leave I was being signed out for, during that time Warden Estes had already restricted my access to Kronos. On Thursday July 2, 2015 at approximately 8:30am, Warden II Eric Evan advised me I had to work downstairs in administrative area. Thursday my job duties were to file employee's personal information into their file from 8:00am-4:30pm. July 7, 2015 at 8:00am, upon entering central control I asked Mrs. Cook was everything ok being that Mrs. Cook couldn't find the keys to my office. Mrs. Cook replied back "Yes You Are Clear to Enter Central Control the Warden Approved It this Morning". On this 7 day of July 2015 I feel this entire incident fall under Administrative Regulation #206 Harassment and discrimination.

*Tammy Montgomery* 7/6/15
Tammy Montgomery